**AERO PRODUCTS INTERNATIONAL, INC. and Robert B. Chaffee, Plaintiffs–Appellees,**

v.

**INTEX RECREATION CORP., Quality Trading, Inc., and Wal–Mart Stores Inc., Defendants–Appellants.**

No. 05–1146.

United States Court of Appeals, Federal Circuit.

Jan. 26, 2005.

Before MICHEL, Chief Judge,
BRYSON and PROST, Circuit Judges.

BRYSON, Circuit Judge.

### ORDER

The court considers whether Intex Recreation Corp. et al.'s appeal should be dismissed. Intex responds that its appeal is timely. Aero Products International, Inc., et al. respond that the appeal should be dismissed as untimely.

This matter stems from a patent infringement case filed by Aero against Intex in the United States District Court for the Northern District of Illinois, *Aero Products International v. Intex Recreation Corp.*, 02–2590. On September 16, 2004, final judgment was entered in favor of Aero and a permanent injunction was issued against Intex. A number of timely postjudgment motions were filed. Some have been denied and others remain outstanding. On October 7, 2004, the district court granted the parties' joint motion to amend the judgment. Intex did not appeal within 30 days of either the September 16 or October 7, 2004, ruling.

In November 2004, Aero moved to hold Intex in contempt for violating the injunction. Aero argued that Intex was in contempt in two ways. First, Aero argued that Intex was selling products that contained product numbers specifically named in and prohibited by the injunction. Second, Aero argued that Intex was selling other "design-around" products that violated the injunction. On December 15, 2004, the district court reiterated that Intex could not sell products containing the prohibited product numbers and set a hearing date for February 10, 2005, for Intex to show that it had ceased selling the products with the specified numbers and to determine whether Intex had violated the injunction by selling other products falling within the scope of the injunction.

Intex filed a notice of appeal on December 20, 2004, and an amended notice of appeal on December 21, 2004. At the same time, Intex filed a motion in this court seeking to stay that part of the injunction that orders it to cease using the specified product numbers. Intex now moves to withdraw that motion. We consider whether Intex's appeal should be dismissed.

To gain review of an injunction, a party may appeal within 30 days of that injunction, Fed. R.App. P. 4(a)(1), within 30 days of the final judgment, Rule 4(a)(1), or within 30 days from disposition of the last timely postjudgment motion, Rule 4(a)(4). Intex's appeal does not fall within any of these rules. Intex did not appeal within 30 days of the injunction or the final judgment. Under Rule 4(a)(1), Intex's appeal is therefore too late. On the other hand, not all of the postjudgment motions have been decided. Thus, under Rule 4(a)(4), its appeal is premature.

Intex argues that its notice of appeal is timely because it was filed within 30 days of the district court's December 15, 2004, order relating to contempt, in which the district court reiterated the provisions of the injunction relating to the product numbers and set a date for a compliance hearing. Intex argues that it does not need to wait until the contempt proceedings are completed to appeal because "the purpose of the hearing is improper and the very subject of the stay motion." That argument does not set forth a basis for finality or negate the interlocutory nature of the order. It merely states that Intex does not agree with what was ordered.

Accordingly,

IT IS ORDERED THAT:

(1) Intex's appeal is dismissed.

(2) Intex's motion to withdraw its motion for a stay is granted.

(3) Each side shall bear its own costs.